THE STATE, DEFENDANT IN ERROR, v. JOSEPH SABATO,
PLAINTIFF IN ERROR.

Argued November 8, 1917—Decided March 3, 1918.

1. Under section 37 of the Crimes act, a conspiracy to commit
   murder is a completed offence although nothing in execution of
   the criminal agreement be done to effect the object thereof.
2. The criminal responsibility of each of the parties to a con-
   spiracy to commit murder is complete, although the time, place
   and manner of its execution is left to be subsequently deter-
   mined by the person or persons who are selected for the actual
   perpetration of the homicide.
3. It is entirely settled in this state that the refusal of an in-
   struction directing the jury, at the close of the state's case,
   to acquit the defendant, is a matter of discretion, and that such
   judicial action cannot be reviewed on a strict bill of exceptions.

On error to the Bergen Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KALISCH.

For the plaintiff in error, *Peter W. Stagg.*

For the state, *Thomas J. Huckin,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was in-
dicted, together with James Pinto and Joseph Piscopo, for a
conspiracy, the purpose of which was to kill one Patsy Taffey.
At the trial a severance was granted as to Piscopo and the
state proceeded against Sabato and Pinto. Sabato was con-
victed and Pinto acquitted. Sabato brings error.

The first ground of reversal urged before us is that the con-
viction is invalid because the indictment upon which it is
rested does not charge a crime. The averment of the plead-
ing is that the three indicted parties "unlawfully, wickedly
and maliciously did combine, unite, conspire, confederate and

agree together feloniously, willfully and of their malice afore-thought to kill and murder "Patsy Taffey." The theory of counsel seems to be that the indictment is fatally defective (1) because it fails to charge an overt act in execution of the conspiracy; and (2) because it fails to disclose the means by which the intended murder was to be committed.

The first ground of attack may be disposed of by a reference to the thirty-seventh section of our Crimes act, which makes a conspiracy complete, where the purpose of the parties to it is to commit murder or certain other specified offences, although nothing in execution of the criminal agreement be done to effect the object thereof.

As to the second point: A conspiracy to commit murder is a completed offence, notwithstanding that the means by which the criminal act is to be executed are not agreed upon. That is to say, the responsibility of each of the conspiring parties is complete, although the time, place and manner of its execution is left to be subsequently determined by the person or persons who are selected for the actual perpetration of the homicide. *Commonwealth* v. *Glover,* 111 *Mass.* 395, 403.

The next ground of attack upon the conviction is that the trial court erred in refusing to direct the jury to acquit Sabato at the close of the state's case. This matter is brought before us on strict bill of exceptions and an assignment of error. It is entirely settled in this state that the refusal of such an instruction is a matter of discretion and that such judicial action cannot be reviewed on a strict bill of exceptions. *State* v. *Jaggers,* 71 *N. J. L.* 281; *State* v. *Metzger,* 82 *Id.* 749.

Next, it is submitted as a ground of reversal that the trial court committed error in its rulings upon evidence, both in admitting over the objection of the plaintiff in error testimony offered by the state, and also in excluding testimony offered on his behalf. With one exception, however, no argument was made by counsel in support of the contention that the rulings complained of were any of them erroneous, nor was any reason suggested by him to the court as a basis for its so holding.

We have, therefore, considered this ground of reversal abandoned, except as to the ruling now to be considered.

The trial court admitted in evidence the testimony of certain detectives attached to the office of the prosecutor of the pleas. That testimony tended to prove the existence of the conspiracy laid in the indictment. The ground of objection was that the facts testified to showed that the witnesses "were not engaged in detecting a crime, but in trying to get the plaintiff in error to commit a crime." Whether the testimony had the one effect or the other was, under the proofs submitted, at least a matter of fact to be determined by the jury not one of law to be determined by the court. Moreover, in either view, the testimony was material and relevant. If it tended to show that the witnesses were attempting to obtain proof of a crime already committed (that is, of the existence of a criminal conspiracy already complete), counsel concedes that it was properly admissible. If, on the other hand, it tended to show that the conspiracy was one instigated by the officers of the state for the purpose of inducing the plaintiff in error to violate the law, it was material and relevant because it showed that these officers were themselves parties to the alleged corrupt agreement; that it was never intended to carry it out; that on the contrary its purpose was to protect Patsy Taffey against possible future danger at the hands of the plaintiff in error. The logical effect of such proof, as was pointed out by the Court of Errors and Appeals in *State* v. *Dougherty*, 88 *N. J. L.* 209, was to negative the truth of the charge laid against the plaintiff in error.

The only other ground of reversal argued before us is that the trial court erroneously permitted the jury to find a verdict against the plaintiff in error without also convicting Pinto. The indictment was against three—Sabato, Pinto and Piscopo. Although Pinto was innocent, the question of the guilt or innocence of Sabato and Piscopo was a matter to be determined by the jury. And the fact that there had been a severance as to Piscopo, and that he was not then upon trial, was immaterial in passing upon the truth of the charge laid in the indictment, so far as Sabato was concerned. *Whart.*

*Prec. Indict.* (*4th ed.*), § 607, *note* 1.   Counsel argues that even if the soundness of this legal proposition be established, it ought not to be applied in the present case, for the reason that "the entire conduct of Piscopo, as shown by the facts in the case, demonstrate that although he may have been apparently a party to the conspiracy he was not so in fact." But, on the proofs submitted, this was a matter to be settled by the jury and was properly left to them for their decision.

The conviction under review will be affirmed.